STATE of Missouri, Plaintiff–Appellant,

v.

Jason REED, Defendant–Respondent.

No. SD 32465.

Missouri Court of Appeals, Southern District, Division One.

May 24, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 2013.

Andrew J. Rehmer, Bloomfield, MO, for Appellant.

Daniel T. Moore, Poplar Bluff, MO, for Respondent. (No brief filed.)

NANCY STEFFEN RAHMEYER, J.

A Missouri State Highway Patrolman made contact with Jason Reed when Reed drove to pick up a passenger in a car where the driver had been stopped for erratic driving and was subsequently charged with driving while intoxicated. The trooper thought that Reed stopping thirty yards from the location of the stopped car and remaining in the car was "unusual." The trooper approached Reed and had him perform field sobriety tests. Without Reed's consent and without a warrant, the trooper transported Reed to a hospital for a blood draw approximately two hours later. Reed was then charged with driving while intoxicated. At the subsequent hearing on Reed's motion to suppress, the trial court found:

> [T]here were no emergency circumstances or "special facts" of any kind that prevented [the trooper] from following the well established procedure for obtaining the search warrant that may have delayed the process as little as one hour. Further, there was no evidence submitted by the State that other law enforcement officers were unavailable to assist [the trooper]. In fact, [the trooper] did request and receive the assistance of a Deputy Sheriff in transporting Reed to the jail. There was no reason given why that Deputy, or others, could not have helped in completing the application for and obtaining a search warrant.

> ... [T]here was no accident to investigate and no need to arrange for the medical treatment of an injured person. In fact, there was no[t] even erratic driving to investigate.

> . . . .

> [The trooper] had a host of choices before him. . . . [H]e chose not to seek a search warrant. He did not call the Office of the Prosecuting Attorney to determine whether search warrants would readily be available. He testified that he knew how to do so, was trained to do so, and had done so in the past.

The court, citing the Fourth Amendment to the United States Constitution and similar provisions in the Missouri Constitution, suppressed the laboratory results. The State appeals the suppression claiming that "exigent circumstances" or "special facts" existed to justify a warrantless blood draw because: (1) the trooper had to complete a prior DWI investigation prior to turning his attention to Reed; (2) the trooper had to allow twenty minutes for Reed to attempt to contact an attorney before refusing to consent to the blood test; (3) the trooper had to transport Reed to the hospital (for the test); (4) the evanescent nature of blood alcohol concentration; and (5) the additional hour or two delay necessary to obtain a search warrant. The State frames the argument thusly: "Does a two hour and five minute delay caused by a prior driving while intoxicated investigation, the evanescent nature of blood alcohol concentration in a person's blood, and an additional hour or two hour delay necessary to obtain a search warrant create an exigent circumstance to the search warrant requirement of the Fourth Amendment?"

Although the State acknowledges that *State v. McNeely,* 358 S.W.3d 65 (Mo. banc 2012), was the controlling authority in Missouri, its argument does not attempt to

distinguish the facts of *McNeely* but rather focuses on authorities outside the State of Missouri supporting a "per se" rule that the dissipation of blood alcohol creates exigent circumstances. Other than the "evanescent" nature of blood alcohol concentration, the State primarily relies upon the approximate two-hour delay caused by a prior investigation.

 We note that it is the State that had the "burden of going forward with the evidence and the risk of non-persuasion to show by a preponderance of the evidence that a motion to suppress should be overruled." *State v. Berry,* 54 S.W.3d 668, 672 (Mo.App. E.D.2001). Our review is limited to a determination of whether the trial court's decision is supported by substantial evidence. *State v. Johnson,* 207 S.W.3d 24, 44 (Mo. banc 2006). Additionally we give deference to the trial court's factual findings and credibility determinations and consider all evidence and reasonable inferences in the light most favorable to the trial court's ruling. *State v. Sund,* 215 S.W.3d 719, 723 (Mo. banc 2007). Whether the conduct violates the Fourth Amendment is a question of law, which is reviewed de novo. *Id.*

 Although the trial court did not have the benefit of the United States Supreme Court case, *Missouri v. McNeely,* —— U.S. ——, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), the trial court presciently anticipated the holding that the natural metabolization of alcohol does not present a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement. The trial court correctly used a totality of the circumstances test and determined there were no special facts or exigent circumstances justifying an exception to the search warrant requirement. We defer to the trial court's determination of the facts, including the facts that the trooper could have requested assistance and had assistance with the arrest of Reed,

that the officer was trained to request a search warrant but chose not to, and that there were no other emergency circumstances. The thrust of the State's argument is actually that the trooper was busy that night. The facts of this case indicate that this too was "unquestionably a routine DWI case." *McNeely,* 358 S.W.3d 65, 74. "The State has not shown that 'real[,] immediate and serious consequences' would 'certainly occur' if they postponed action to obtain a warrant and failed to secure a breath test from Defendant without obtaining a warrant." *State v. Dowdy,* 332 S.W.3d 868, 876 (Mo.App. S.D.2011) (Rahmeyer, J., dissenting). "[T]he Fourth Amendment will not tolerate adoption of an overly broad categorical approach that would dilute the warrant requirement in a context where significant privacy interests are at stake." *Missouri v. McNeely,* 133 S.Ct. 1552 at 1564.

The trial court's decision is supported by substantial evidence, is not clearly erroneous, and correctly granted the Motion to Suppress. The judgment is affirmed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., Concur.